# EXHIBIT 1

David Mara, Esq. (230498)
Matthew Crawford, Esq. (310230)
**MARA LAW FIRM, PC**
2650 Camino Del Rio North, Suite 205
San Diego, California 92108
Telephone: (619) 234-2833
Facsimile: (619) 234-4048

**ELECTRONICALLY FILED**
**11/4/2020 8:50 AM**
**Kern County Superior Court**
**By Vanesa Jackson, Deputy**

Marcus J. Bradley, Esq. (SBN 174156)
Kiley L. Grombacher, Esq. (SBN 245960)
Lirit A. King, Esq. (252521)
**BRADLEY/GROMBACHER, LLP**
2815 Townsgate Road, Suite 130
Westlake Village, California 91361
Telephone: (805) 270-7100
Facsimile: (805) 270-7589

James R. Hawkins, Esq. (SBN 192925)
Isandra Fernandez, Esq. (SBN 220482)
**JAMES HAWKINS APLC**
9880 Research Drive, Suite 200
Irvine, California 92618
Telephone: (949) 387-7200
Facsimile: (949) 387-6676

Attorneys for SHAHARA HANSBER, NANG CHAN, and
JESUS MORENO, on behalf of themselves, all others
similarly situated, and on behalf of the general public.

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**IN AND FOR THE COUNTY OF KERN**

| | |
|---|---|
| SHAHARA HANSBER, NANG CHAN, and JESUS MORENO, on behalf of themselves, all others similarly situated, and on behalf of the general public,<br><br>Plaintiffs,<br><br>v.<br><br>ULTA BEAUTY COSMETICS, LLC; SPHERION STAFFING, LLC; and DOES 1-100,<br><br>Defendants. | Case No.  BCV-20-101598<br><br>**PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF, DECLARATORY RELIEF, AND RESTITUTION**<br><br>1) **Failure to Pay All Straight Time Wages;**<br>2) **Failure to Pay All Overtime Wages;**<br>3) **Failure to Provide Meal Periods (Lab. Code §§ 226.7, 512, IWC Wage Order No. 7-2001(11); Cal. Code Regs., tit. 8 § 11090);**<br>4) **Failure to Authorize and Permit Rest Periods (Lab. Code § 226.7; IWC Wage Order No. 7-2001(12); Cal. Code Regs. Title 8 § 11090);**<br>5) **Knowing and Intentional Failure to Comply with Itemized Employee Wage Statement Provisions (Lab. Code §§ 226, 1174, 1175);**<br>6) **Failure to Pay All Wages Due at the Time of Termination of Employment (Lab. Code §§201-203);** |

FIRST AMENDED CLASS ACTION COMPLAINT      1

7)  **Irregular Pay Periods (Lab.  Code §§ 204; 210);**
8)  **Violation of Unfair Competition Law (Bus. & Prof. Code § 17200, et seq.);**
9)  **Violations of the Labor Code Private Attorneys General Act of 2004 ("PAGA") (Lab. Code §§ 2698** *et seq.***).**

**DEMAND FOR JURY TRIAL**

Plaintiffs SHAHARA HANSBER, NANG CHAN, and JESUS MORENO ("Plaintiffs") on behalf of themselves, all others similarly situated, and on behalf of the general public, complains of Defendants ULTA BEAUTY COSMETICS, LLC, SPHERION STAFFING, LLC ("Defendants") and/or DOES and for causes of action and alleges:

1.  This is a class action pursuant to California Code of Civil Procedure section 382 on behalf of Plaintiffs and all non-exempt, hourly workers who were employed and/or performed services for Defendants and/or DOES, either directly for Defendants and/or DOES, or through staffing agencies and/or other third-party entities, in Defendants' and/or DOES' warehouse/distribution facilities within the State of California.

2.  At all times mentioned herein, Defendants and/or DOES have conducted business in Kern County and elsewhere within California.

3.  At all times mentioned herein, Defendants and/or DOES, within the State of California, have, among other things, employed current and former non-exempt, hourly workers, working either directly for Defendants and/or DOES, or through staffing agencies and/or other third-party entities, in Defendants' and/or DOES' warehouse/distribution facilities.

4.  At all times mentioned herein, the common policies and practices of Defendants and/or DOES were a direct cause of Defendants' and/or DOES' failure to comply with California's wage and hours laws, Wage Orders, and/or the California Labor Code, as set forth more fully within.

5.  For at least four (4) years prior to the filing of this action and through to the present, Defendants and/or DOES have had a consistent policy and/or practice of not paying

Plaintiffs and all non-exempt, hourly workers for all of the hours they worked.

6.  For at least four (4) years prior to the filing of this action and through to the present, Defendants and/or DOES have had a continuous and widespread policy of not paying Plaintiffs and those similarly situated for all hours they worked, including before clocking in for their work shift, after clocking out for their work shift, and during unpaid meal periods. Further, Defendants and/or DOES have had a continuous and widespread policy to shave the time Plaintiffs and those similarly situated worked (referred to as "time shaving").

7.  For at least four (4) years prior to the filing of this action and through to the present, Defendants and/or DOES have had a consistent policy and/or practice of failing to provide all straight time and overtime wages owed to all non-exempt, hourly workers, as mandated under the California Labor Code and the implementing rules and regulations of the Industrial Welfare Commission's ("IWC") California Wage Orders.

8.  For at least four (4) years prior to the filing of this action and through to the present, Defendants and/or DOES have had a consistent policy of requiring non-exempt, hourly workers within the State of California, including Plaintiffs, to work through meal periods and work at least five (5) hours without a meal period and failing to pay such employees one (1) hour of pay at the employees' regular rate of compensation for each workday that the meal period is not provided, or other compensation, as required by California's state wage and hour laws, and automatically deducting a half hours pay from their wages.

9.  For at least four (4) years prior to filing of this action and through the present, Defendants and/or DOES did not have a policy of allowing its non-exempt, hourly workers working shifts of ten (10) or more hours in a day to take a second meal period of not less than thirty (30) minutes as required by the applicable Wage Order of the IWC.

10. For at least four (4) years prior to the filing of this action and through to the present, Defendants and/or DOES have had a consistent policy of requiring non-exempt, hourly workers within the State of California, including Plaintiffs, to work over ten (10) hours

without providing an additional, uninterrupted meal period of thirty (30) minutes and failing to pay such employees one (1) hour of pay at the employees' regular rate of compensation for each workday that the meal period is not provided, or other compensation, as required by California's state wage and hour laws.

11. For at least four (4) years prior to the filing of this action and through to the present, Defendants and/or DOES have had a consistent policy and/or practice of requiring its non-exempt, hourly workers within the State of California, including Plaintiffs, to work for over four hours, or a major fraction thereof, without a 10 minute rest period, and failing to pay such employees one (1) hour of pay at the employees' regular rate of compensation for each workday that the rest period is not provide, or other compensation, as required by California's state wage and hour laws.

12. For at least four (4) years prior to the filing of this action and through to the present, Defendants and/or DOES and/or their officers and/or managing agents have had a consistent policy and/or practice of willfully failing to provide to Plaintiffs and its non-exempt, hourly workers, accurate itemized employee wage statements.

13. For at least four (4) years prior to the filing of this action and through to the present, Defendants and/or DOES and/or their officers and/or managing agents have had a consistent policy and/or practice of willfully failing to timely pay wages owed to Plaintiffs and those non-exempt, hourly workers who left Defendants and/or DOES employ or who were terminated.

14. For at least four (4) years prior to the filing of this action and through to the present, Defendants and/or DOES and/or their officers and/or managing agents have had a consistent policy and/or practice of willfully failing to pay all wages due to Plaintiffs and its non-exempt, hourly workers twice during each month and willfully failing to pay all overtime wages due to Plaintiffs and its non-exempt, hourly workers no later than the payday for the next regular payroll period.

15. For at least four (4) years prior to the filing of this action and through to the present,

Defendants and/or DOES, by failing to lawfully pay Plaintiffs and those similarly situated all the wages they are owed, engaged in false, unfair, fraudulent and deceptive business practices within the meaning of the Business and Professions Code section 17200, et seq.

16. Throughout the statutory period, Defendants' and/or DOES' employees, including Plaintiffs and similarly situated non-exempt, hourly workers were not provided all straight time and overtime wages owed, meal periods and rest periods, or compensation in lieu thereof, as mandated under the California Labor Code, and the implementing rules and regulations of the Industrial Welfare Commissions ("IWC") California Wage Orders.

17. Throughout the statutory period, Defendants and/or DOES employees, including Plaintiffs and similarly situated non-exempt, hourly workers were not provided with accurate and itemized employee wage statements.

18. Defendants and/or DOES failed to comply with Labor Code section 226, subdivision (a), by itemizing in wage statements all hourly compensation and accurately reporting total hours worked by Plaintiffs and the members of the proposed class. Plaintiff and members of the proposed class are entitled to penalties not to exceed $4,000 for each employee pursuant to Labor Code section 226(b).

19. Defendants and/or DOES have failed to comply with IWC Wage Order 7-2001(7) by failing to maintain accurate time records showing hourly compensation, when the worker begins and ends each work day and total daily hours worked by itemizing in wage statements and accurately reporting total hours worked by Plaintiffs and members of the proposed class.

20. Defendants' and/or DOES' failure to retain accurate records of total hours worked by Plaintiffs and the proposed class was willful and deliberate, was a continuous breach of Defendants' and/or DOES' duty owed to Plaintiffs and the proposed class.

21. Throughout the statutory period, Defendants' and/or DOES' workers, including Plaintiffs and similarly situated non-exempt, hourly workers, were not timely paid all wages owed to them at the time of termination.

22.   Defendants and/or DOES are and were aware that Plaintiffs and members of the proposed class were not paid all straight time and overtime wages owed, nor provided meal and rest periods. Defendants' and/or DOES' denial of wages and other compensation due to Plaintiffs and members of the proposed class was willful and deliberate.

23.   Throughout the statutory period, Defendants' and/or DOES' workers, including Plaintiffs and similarly situated non-exempt, hourly workers, were not paid all wages due twice during each month, and were not paid all overtime wages due no later than the payday for the next regular payroll period.

24.   Defendants and/or DOES are and were aware that Plaintiffs and members of the proposed class were not paid all wages due twice during each month and were not paid all overtime wages due no later than the payday for the next regular payroll period. Defendants' and/or DOES' untimely payment of wages, overtime wages, and other compensation due to Plaintiffs and members of the proposed class was willful and deliberate.

25.   Defendants and/or DOES, each and collectively, controlled the wages, hours, and working conditions of Plaintiffs and the proposed class, creating a joint-employer relationship over Plaintiffs and the proposed class.

26.   Plaintiffs, on behalf of themselves and all of Defendants ULTA BEAUTY COSMETICS, LLC's and/or DOES' non-exempt, hourly workers, brings this action pursuant to California Labor Code sections 201, 203, 204, 210, 218, 218.5, 222, 223, 224, 226, subd. (b), 226.7, 510, 512, 515, 558, 1194, 1197, and California Code of Regulations, Title 8, section 11090, seeking unpaid wages, overtime, meal and rest period compensation, penalties, injunctive and other equitable relief, relief under the Labor Code Private Attorneys General Act of 2004 ("PAGA"), and reasonable attorneys' fees and costs.

27.   Plaintiffs, on behalf of themselves and all putative Class members made up of Defendants' and/or DOES' non-exempt, hourly workers, pursuant to California Business and Professions Code sections 17200-17208, also seeks injunctive relief, restitution, and disgorgement of all benefits Defendants and/or DOES enjoyed from their failure to pay all

straight time wages, overtime wages, and meal and rest period compensation.

## I.   VENUE

28.   Venue as to each Defendant, ULTA BEAUTY COSMETICS, LLC, SPHERION STAFFING, LLC, and/or DOES, is proper in this judicial district, pursuant to Code of Civil Procedure section 395. Defendants and/or DOES conduct business and commit Labor Code violations within Kern County, and each Defendant and/or DOE is within California for service of process purposes. The unlawful acts alleged herein have a direct effect on Plaintiff and those similarly situated within the State of California and within Kern County. Defendants and/or DOES employ numerous Class members who work in Kern County, in California.

## II.   PARTIES

A.   **Plaintiffs**.

29.   At all relevant times, herein, Plaintiffs are and were residents of California. At all relevant times, herein, they were employed and performed services for Defendants and/or DOES within the last four (4) years as non-exempt, hourly workers, working either directly for Defendants and/or DOES, or through staffing agencies and/or other third-party entities, in Defendants' and/or DOES' warehouse/distribution facilities in California.

30.   On January 15, 2020, Plaintiffs filed a Notice of Labor Code Violations Pursuant to Labor Code Section 2699.3 with the Labor and Workforce Development Agency ("LWDA"). To date, Plaintiffs have not received notice that the LWDA will be taking action in response to Plaintiffs' Notice.

31.   On information and belief, Plaintiffs and all other members of the proposed class experienced Defendants' and/or DOES' common company policies of failing to pay all straight time and overtime wages owed.

32.   On information and belief, Plaintiffs and all other members of the proposed class experienced Defendants' and/or DOES' common company policies of illegally deducting wages from non-exempt, hourly workers for meal periods during which they were

1    performing work.

2    33.    On information and belief, Plaintiffs and all other members of the proposed class experienced Defendants' and/or DOES' common company policies and/or practices of failing to pay all straight time and overtime wages owed, and failing to provide compliant meal periods to non-exempt, hourly workers before the end of their fifth hour of work or a second meal period before the end of the tenth hour or work, or compensation in lieu thereof.

34.    On information and belief, Plaintiffs and all other members of the proposed class experienced Defendants' and/or DOES' common company policies of failing to provide ten (10) minute paid rest breaks to non-exempt, hourly workers whom worked four (4) hours or major fractions thereof.

35.    On information and belief, Plaintiffs and all other members of the proposed class experienced Defendants' and/or DOES' common company policies of failing to provide non-exempt, hourly workers with accurate itemized wage statements. On information and belief, Defendants' and/or DOES' failure to provide to their non-exempt, hourly workers, including Plaintiffs, with accurate itemized wage statements was willful.

36.    On information and belief, Plaintiffs and all other members of the proposed class experienced Defendants' and/or DOES' common company policies of failing to timely compensate non-exempt, hourly workers all wages owed upon termination. On information and belief, Defendants' and/or DOES' failure to pay, in a timely manner, compensation owed to non-exempt, hourly workers, including Plaintiffs, upon termination of their employment with Defendants and/or DOES was willful.

37.    On information and belief, Plaintiffs and all other members of the proposed class experienced Defendants' and/or DOES' common company policies of failing to pay all wages due to Plaintiffs and its non-exempt, hourly workers twice during each month and failing to pay all overtime wages due to Plaintiffs and its non-exempt, hourly workers no later than the payday for the next regular payroll period. On information and belief,

1    Defendants' and/or DOES' failure to pay all wages owed twice during each month and all

2    overtime wages owed no later than the payday for the next regular payroll period to non-

3    exempt, hourly workers, including Plaintiffs, was willful.

4  38.    On information and belief, Plaintiffs and all other members of the proposed class

5    experienced Defendants' and/or DOES' fraudulent and deceptive business practices within

6    the meaning of the Business and Professions Code section 17200, et seq.

7  39.    Plaintiffs and the proposed class are covered by, inter alia, California IWC Occupational

8    Wage Order No. 7-2001, and Title 8, California Code of Regulations, § 11090.

9  **B.**    **Defendants**.

10  40.    At all relevant times herein, Defendants and/or DOES engage in the ownership and

11    operation of facilities which are used to provide cosmetics and beauty products to

12    Defendants' and/or DOES' customers in the State of California.

13  41.    ULTA BEAUTY COSMETICS, LLC claims to "to do beauty differently" by bringing "the

14    best the beauty world had to offer in makeup, fragrance, skincare and haircare, together in

15    one place" and "revolutionizing the beauty experience for all." THE BEAUTIFUL JOURNEY,

16    https://careers.ulta.com/, (Last visited April 13, 2020).

17  42.    ULTA BEAUTY COSMETICS, LLC boasts they "are driving industry leading results,

18    leading through a shared set of values, and together becoming the most loved and admired

19    beauty destination" ULTA BEAUTY & YOU, https://careers.ulta.com/, (Last visited April 13,

20    2020). These "industry leading results" come on the backs of their workers, as ULTA

21    BEAUTY COSMETICS, LLC does not pay all these workers for all their time worked,

22    falling far short of any purported high standards ULTA BEAUTY COSMETICS, LLC

23    holds, and certainly exposing the claim of being "the most loved and admired beauty

24    destination" as a lie built by denying their workers the respect they deserve.

25  43.    On information and belief, Defendants and/or DOES exercised control over the wages,

26    hours, and/or working conditions of Plaintiffs and members of the proposed class

27    throughout the liability period.

28

44. Defendants and/or DOES principal place of business is in the State of California.

45. The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants DOES 1-100, inclusive, are presently unknown to Plaintiffs, who therefore sues these Defendants by such fictitious names under Code of Civil Procedure section 474. Plaintiffs are informed and believes, and based thereon alleges, that each of the Defendants designated herein as a DOE is legally responsible in some manner for the unlawful acts referred to herein. Plaintiffs will seek leave of court to amend this Complaint to reflect the true names and capacities of the Defendants designated hereinafter as DOES when such identities become known.

46. Plaintiffs are informed and believes, and based thereon alleges, that each Defendant and/or DOE acted in all respects pertinent to this action as the agent of the other Defendants and/or DOES, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each Defendants and/or DOES are legally attributable to the other Defendants and/or DOES.

## III. CLASS ACTION ALLEGATIONS

47. Plaintiffs brings this action on behalf of themselves and all others similarly situated as a class action pursuant to section 382 of the California Code of Civil Procedure. Plaintiffs seek to represent a Class composed of and defined as follows:

> All non-exempt, hourly workers who were employed and/or performed services for Defendants and/or DOES, either directly for Defendants and/or DOES, or through staffing agencies and/or other third-party entities, in Defendants' and/or DOES' warehouse/distribution facilities within the State of California during the period of the relevant statute of limitations. ("Class Members").

Plaintiffs also seeks to represent subclasses composed of and defined as follows:

All Class Members who worked one (1) or more shifts in excess of five (5) hours.

All Class Members who worked one (1) or more shifts in excess of six (6) hours.

All Class Members who worked one (1) or more shifts in excess of ten (10) hours.

All Class Members who worked one (1) or more shifts in excess of twelve (12) hours.

All Class Members who worked one (1) or more shifts in excess of three (3) hour and one-half hours, but less than or equal to six (6) hours.

All Class Members who worked one (1) or more shifts in excess of six (6) hours, but less than or equal to ten (10) hours.

All Class Members who separated their employment from Defendant.

All Class Members who worked one (1) or more shifts in which they received a wage statement for the corresponding pay period.

All Class Members who were deducted wages for meal periods.

48. Plaintiffs reserve the right under rule 1855, subdivision (b), California Rules of Court, to amend or modify the Class description with greater specificity or further division into subclasses or limitation to particular issues.

49. This action has been brought and may properly be maintained as a class action under the provisions of section 382 of the California Code of Civil Procedure because there is a well-defined community of interest in the litigation and the proposed Class is easily ascertainable.

**A.** **Numerosity**.

50. The potential members of the Class and subclasses as defined are so numerous that joinder of all the members of the Class is impracticable. While the precise number of Class and subclass members has not been determined at this time, Plaintiff is informed and believes that Defendants and/or DOES currently employ, and during the liability period employed, over one hundred (100) employees, all in the State of California, in positions as hourly non-exempt workers.

51. Accounting for employee turnover during the relevant periods increases this number substantially. Upon information and belief, Plaintiffs allege Defendants' and/or DOES' employment records will provide information as to the number and location of all Class members. Joinder of all members of the proposed Class is not practicable.

**B.** **Commonality.**

52. There are questions of law and fact common to the Class that predominate over any questions affecting only individual Class members. These common questions of law and fact include, without limitation:

(1) Whether Defendants and/or DOES violated the Labor Code and/or applicable IWC Wage Orders in failing to pay its non-exempt workers all earned wages at the regular rate for all hours worked.

(2)     Whether Defendants' and/or DOES' uniform policies and/or practices whereby non-exempt workers were pressured and/or incentivized to forego taking meal and/or rest periods.

(3)     Whether Defendants and/or DOES violated Labor Code section 226.7, IWC Wage Order No. 7-2001 or other applicable IWC Wage Orders, and/or California Code of Regulations, Title 8, section 11090, by failing to authorize, permit, and/or provide rest periods to its hourly, non-exempt workers for every four (4) hours or major fraction thereof worked and/or failing to pay said workers one (1) hour of pay at the employee's regular rate of compensation for each work day that the rest period was not authorized, permitted and/or provided.

(4)     Whether Defendants and/or DOES willfully failed to pay, in a timely manner, wages owed to members of the proposed Class who left Defendants' and/or DOES' employ or who were terminated.

(5)     Whether Defendants and/or DOES violated Labor Code section 203, which provides for the assessment of a penalty against the employer, by willfully failing to timely pay all wages owed to workers who left Defendants' and/or DOES' employ or who were terminated.

(6)     Whether Defendants and/or DOES had uniform policies and/or practices of failing to provide workers accurate and itemized wage statements.

(7)     Whether Defendants and/or DOES had uniform policies and/or practices of failing to timely pay all wages owed to workers who left Defendants' and/or DOES' employ or who were terminated.

(8)     Whether Defendants and/or DOES had uniform policies and/or practices of failing to timely pay all wages and overtime wages owed to workers.

53.   The answer to each of these respective questions will generate a common answer capable of resolving class-wide liability in one stroke.

54.   Said common questions predominate over any individualized issues and/or questions affecting only individual members.

**C.      Typicality**.

55.   The claims of the named Plaintiffs are typical of the claims of the proposed class.  Plaintiffs and all members of the proposed class sustained injuries and damages arising out of and caused by Defendants' and/or DOES' common course of conduct in violation of laws and regulations that have the force and effect of law and statutes as alleged.

56.   Plaintiffs were subjected to the same uniform policies and/or practices complained of herein that affected all such employees. Thus, as Plaintiffs were subjected to the same unlawful policies and practices as all hourly non-exempt workers, her claims are typical of the class they seek to represent.

**D.    Adequacy of Representation**.

57.   Plaintiffs will fairly and adequately represent and protect the interests of the members of the Class.

58.   Plaintiffs are ready and willing to take the time necessary to help litigate this case.

59.   Plaintiffs have no conflicts that will disallow them to fairly and adequately represent and protect the interests of the members of the Class.

60.   Counsel who represent Plaintiffs are competent and experienced in litigating large employment class actions.

61.   Specifically, David Mara, Esq., Marcus J. Bradley, Esq.,  James R. Hawkins, Esq. and Isandra Fernandez are California lawyers in good standing.

62.   Counsel who represent Plaintiffs are competent and experienced in litigating large employment class actions.

63.   The Mara Law Firm has been named class counsel in numerous cases and Mr. Mara's practice is primarily focused on representing classes, large and small, on the basis of

California Labor Code and IWC Wage Order Violations similar to those alleged herein. Mr. Mara is frequently called upon to and does author amicus briefs on behalf of the Consumer Attorneys of California on cases in the appellate courts and Supreme Court of California involving important issues relating to those alleged herein.

64. Mara Law Firm, PC, Bradley/Grombacher, LLP, and James Hawkins APLC have the resources to take this case to trial and judgment, if necessary.

65. Mara Law Firm, PC, Bradley/Grombacher, LLP, and James Hawkins APLC have the experience, ability, and ways and means to vigorously prosecute this case.

**E.     Superiority of Class Action.**

66. A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all Class members is not practicable, and questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class. Each member of the Class has been damaged and is entitled to recovery by reason of Defendants' and/or DOES' illegal policies and/or practices of failing to pay all straight time and overtime wages owed, failing to permit or authorize rest periods, failing to provide meal periods, knowingly and intentionally failing to comply with wage statement requirements, failing to pay all wages due at termination, and failing to timely pay all wages and overtime wages due.

67. Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system. Plaintiffs are unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

68. Because such common questions predominate over any individualized issues and/or questions affecting only individual members, class resolution is superior to other methods for fair and efficient adjudication.

**IV.    CAUSES OF ACTION**

**FIRST CAUSE OF ACTION AGAINST DEFENDANTS AND/OR DOES: Failure to Pay All Straight Time Wages**

69. Plaintiffs and those similarly situated Class members hereby incorporate by reference each and every other paragraph in this Complaint herein as if fully plead.

70. Defendants and/or DOES have had a continuous policy of not paying Plaintiffs and those similarly situated for all hours worked.

71. It is fundamental that an employer must pay its employees for all time worked. California Labor Code sections 218 and 218.5 provides a right of action for nonpayment of wages. Labor Code section 222 prohibits the withholding of part of a wage. Labor Code section 223 prohibits the pay of less than a statutory or contractual wage scale. Labor Code section 1197 prohibits the payment of less than the minimum wage. Labor Code section 1194 states that an employee receiving less than the legal minimum wage is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage. Labor Code section 224 only permits deductions from wages when the employer is required or empowered to do so by state or federal law or when the deduction is expressly authorized in writing by the employee for specified purposes that do not have the effect of reducing the agreed upon wage.

72. Plaintiffs and those similarly situated Class members were employed and performed services for Defendants and/or DOES at all relevant times. Defendants and/or DOES were required to compensate Plaintiffs for all hours worked and were prohibited from making deductions that had the effect of reducing the agreed upon wage.

73. Defendants and/or DOES have a continuous and consistent policy of mandating workers waiting in lines to get through security and at the timeclock all before workers are clocked in for the day, i.e., getting compensated.

74. Additionally, workers are not free of control and duty for the entire time they are clocked out for lunch. Necessarily, workers exiting the facility will have to go through security and wait in line to clock in upon their return. Thus, part of the time they are clocked out is time they are under the compensable control of Defendants and/or DOES. Likewise, workers taking their lunch on the premises in the break rooms, have to walk the distances away

from the break room to get to the time clock to clock in, which means they are necessarily controlled in their actions for a portion of their unpaid meal period time.

75.   Defendants and/or DOES have a continuous and consistent policy of shaving the time Plaintiffs and those similarly situated work (referred to as "time shaving").

76.   Thus, Defendants and/or DOES shave/steal earned wages from Plaintiffs and each and every member of the Class each and every day they work. Defendants and/or DOES have not paid Plaintiffs and the members of the Class all straight time wages owed.

77.   Plaintiffs and the Class members are informed and believe and thereon allege that as a direct result of Defendants' and/or DOES' uniform policies and/or practices, Plaintiffs and the Class members have suffered, and continue to suffer, substantial unpaid wages, and lost interest on such wages, and expenses and attorneys' fees in seeking to compel Defendants and/or DOES to fully perform their obligations under state law, all to their respective damage in amounts, according to proof at trial.

78.   As a direct result of Defendants' and/or DOES' policy of illegal wage theft, Plaintiffs and those similarly situated have been damaged in an amount to be proven at trial.

79.   WHEREFORE, Plaintiffs and the Class they seek to represent request relief as described below.

**SECOND CAUSE OF ACTION AGAINST DEFENDANTS AND/OR DOES: Failure to Pay All Overtime Wages**

80.   Plaintiffs and those similarly situated Class members hereby incorporate by reference each and every other paragraph in this Complaint herein as if fully plead.

81.   It is fundamental that an employer must pay its employees for all time worked. California Labor Code sections 218 and 218.5 provides a right of action for nonpayment of wages. Labor Code section 222 prohibits the withholding of part of a wage. Labor Code section 223 prohibits the pay of less than a statutory or contractual wage scale. Labor Code section 1197 prohibits the payment of less than the minimum wage. Labor Code section 224 only permits deductions from wages when the employer is required or empowered to do so by state or federal law or when the deduction is expressly authorized in writing by the

FIRST AMENDED CLASS ACTION COMPLAINT   17

1  employee for specified purposes that do not have the effect of reducing the agreed upon

2  wage.

3  82.  Defendants and/or DOES failed to pay overtime when workers worked over eight (8) hours

4  per day and when employees worked over forty (40) hours per week.

5  83.  Plaintiffs and those similarly situated Class members were employed by and performed

6  services for Defendants and/or DOES at all relevant times. Defendants and/or DOES were

7  required to compensate Plaintiffs for all overtime hours worked and were prohibited from

8  making deductions that had the effect of reducing the agreed upon wage.

9  84.  Defendants and/or DOES have a continuous and consistent policy of mandating workers

10  waiting in lines to get through security and at the timeclock all before employees are

11  clocked in for the day, i.e., getting compensated. Plaintiffs and Class and subclass members

12  frequently work over eight daily and forty weekly hours, and, therefore, this compensable

13  time is owed at the overtime rates of Plaintiffs and Class Members and subclass members.

14  85.  Additionally, workers are not free of control and duty for the entire time they are clocked

15  out for lunch. Necessarily, workers exiting the facility will have to wait in line to get

16  through security and wait in line to clock back in upon their return. Thus, part of the time

17  they are clocked out is time they are under the compensable control of Defendants and/or

18  DOES. Likewise, workers taking their lunch on the premises in the break rooms, have to

19  walk the distances away from the break room to get to the time clock to clock in, which

20  means they are necessarily controlled in their actions for a portion of their unpaid meal

21  period time. Plaintiffs and Class and subclass members frequently work over eight daily

22  and forty weekly hours, and, therefore, this compensable time is owed at the overtime rates

23  of Plaintiffs and Class Members and subclass members.

24  86.  Defendants and/or DOES failed to pay for the overtime that was due, pursuant to IWC

25  Wage Order No. 7-2001, item 3(A).

26  87.  Plaintiffs and the Class members are informed and believe and thereon allege that as a

27  direct result of Defendants' and/or DOES' uniform policies and/or practices, Plaintiffs and

28

FIRST AMENDED CLASS ACTION COMPLAINT   18

the Class members have suffered, and continue to suffer, substantial unpaid overtime wages, and lost interest on such overtime wages, and expenses and attorneys' fees in seeking to compel Defendants and/or DOES to fully perform their obligations under state law, all to their respective damage in amounts according to proof at time of trial. Defendants and/or DOES committed the acts alleged herein knowingly and willfully, with the wrongful and deliberate intention on injuring Plaintiffs and the Class members. Defendants and/or DOES acted with malice or in conscious disregard of Plaintiffs' and the Class Member's rights. In addition to compensation, Plaintiffs are also entitled to any penalties allowed by law.

88.  WHEREFORE, Plaintiffs and the Class they seek to represent request relief as described below.

**THIRD CAUSE OF ACTION AGAINST DEFENDANTS AND/OR DOES: Failure to Provide Meal Periods, or Compensation in Lieu Thereof (Lab. Code §§ 226.7, 512, IWC Wage Order No. 7-2001(11); Cal. Code Regs., tit. 8, § 11090)**

89.  Plaintiffs and those similarly situated Class members hereby incorporate by reference each and every other paragraph in this Complaint herein as if fully plead.

90.  Under California Labor Code section 512 and IWC Wage Order No. 4, no employer shall employ any person for a work period of more than five (5) hours without providing a meal period of not less than thirty (30) minutes. During this meal periods of not less than thirty (30) minutes, the employee is to be completely free of the employer's control and must not perform any work for the employer. If the employee does perform work for the employer during the thirty (30) minute meal period, the employee has not been provided a meal period in accordance with the law. Also, the employee is to be compensated for any work performed during the thirty (30) minute meal period.

91.  In addition, an employer may not employ an employee for a work period of more than ten (10) hours per day without providing the employee with another meal period of less than thirty (30) minutes.

92.  Workers do not get an entire 30-minutes for meal periods wherein they are free of employer

control and duties, because part of their time must be spent waiting in line to get through security and waiting in line to clock back in before the 30-minutes are through. Thus, pursuant to Defendants' and/or DOES' uniformly applicable policies of only providing 30-minute meal periods, workers cannot be said to receive or be provided with full and complete 30-minute meal periods wherein they are free from employer mandated controls and duties.

93.   Under California Labor Code section 226.7, if the employer does not provide an employee a meal period in accordance with the above requirements, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided.

94.   Defendants and/or DOES failed to provide thirty (30) minute, uninterrupted meal periods to its hourly, non-exempt workers who worked for work periods of more than five (5) consecutive hours. As such, Defendants and/or DOES non-exempt workers were required to work over five (5) consecutive hours at a time without being provided a thirty (30) minute uninterrupted meal period within that time.

95.   Defendants and/or DOES failed to provide thirty (30) minute, uninterrupted meal periods to its Non-Exempt workers for every five (5) continuous hours worked.

96.   Defendants' and/or DOES' business model is such that Non-Exempt workers were assigned too much work and insufficient help due to chronic understaffing to be able to take meal periods. Thus, Non-Exempt workers are not able to take meal periods.

97.   Throughout the statutory period, Defendants' and/or DOES had a pattern and practice of assigning too much work to be completed in too short of time frames, resulting in Plaintiffs and those similarly situated not being able to take meal periods.

98.   Throughout the statutory period, Defendants and/or DOES maintained security policies and practices, whereby Class Members were not provided control-free, off-premises meal periods and/or were incentivized to forego control-free, off-premises meal periods.

99.   Defendants and/or DOES would not permit Plaintiffs and the Class to take 30-minute meal

periods unless specifically scheduled by Defendant and/or DOES or unless Plaintiffs and the Class were expressly told to by Defendant and/or DOES. This routinely resulted in Plaintiffs and the Class members not being able to take a meal period, if at all, until after the fifth hour.

100. Defendants and/or DOES did not have a policy of providing a second meal period before the end of the tenth hour.

101. Failing to provide compensation for such unprovided or improperly provided meal periods, as alleged above, Defendants and/or DOES willfully violated the provisions of Labor Code sections 226.7, 512, and IWC Wage Order No. 7.

102. As a result of the unlawful acts of Defendants and/or DOES, Plaintiffs and the Class they seek to represent have been deprived of premium wages, in amounts to be determined at trial, and are entitled to recovery of such amounts, plus interest and penalties thereon, attorneys' fees and costs, pursuant to Labor Code section 226.7, and IWC Wage Order No. 7-2001. Plaintiffs and the Class they seek to represent did not willfully waive their right to take meal periods through mutual consent with Defendants and/or DOES.

103. WHEREFORE, Plaintiffs and the Class they seek to represent request relief as described below.

**FOURTH CAUSE OF ACTION AGAINST DEFENDANTS AND/OR DOES: Failure to Authorize and Permit Rest Periods (Lab. Code § 226.7; IWC Wage Order No. 7-2001(12); Cal. Code Regs. Title 8 § 11090)**

104. Plaintiffs and those similarly situated Class members hereby incorporate by reference each and every other paragraph in this Complaint herein, as if fully plead.

105. Under IWC Wage Order No. 7, every employer shall authorize and permit all employees to take rest periods, "[t]he authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours worked or major fraction thereof." IWC Wage Order 7-2001(12). The time spent on rest periods "shall be counted as hours worked for which there shall be no deduction from wages." *Id.*

106. Under California Labor Code section 226.7, if the employer does not provide an employee

1    a rest period in accordance with the above requirements, the employer shall pay the

2    employee one (1) hour of pay at the employee's regular rate of compensation for each

3    workday that the rest period is not provided.

4  107.  At all relevant times, Defendants and/or DOES maintained policies and practices that failed

5    to authorize and/or permit rest period time based upon the total hours worked daily at the

6    rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof.

7  108.  In the alternative, Defendants and/or DOES business model was such that Non-Exempt

8    workers were assigned too much work with insufficient help due to chronic understaffing

9    whereby Plaintiffs and the Class had to work through their rest periods.

10  109.  Throughout the statutory period, Defendants and/or DOES had a pattern and practice of

11    assigning too much work to be completed in too short of time frames, resulting in Plaintiffs

12    and those similarly situated not being able to take rest periods.

13  110.  Throughout the statutory period, Defendants and/or DOES maintained security policies

14    and practices, whereby Class Members were not provided control-free, off-premises rest

15    periods and/or were incentivized to forego control-free, off-premises rest periods.

16  111.  As a result of the unlawful acts of Defendants and/or DOES, Plaintiffs and the Class they

17    seek to represent have been deprived of premium wages, in amounts to be determined at

18    trial, and are entitled to recovery of such amounts, plus interest and penalties thereon,

19    attorneys' fees and costs, pursuant to Labor Code section 226.7, and IWC Wage Order No.

20    7-2001.

21  112.  WHEREFORE, Plaintiffs and the Class they seek to represent request relief as described

22    below.

23    **FIFTH CAUSE OF ACTION AGAINST DEFENDANTS AND/OR DOES: Knowing**

24    **and Intentional Failure to Comply with Itemized Employee Wage Statement**

      **Provisions (Lab. Code §§ 226, 1174, 1175; IWC Wage Order No. 4; Cal. Code Regs.,**

25    **Title 8, § 11040)**

26  113.  Plaintiffs and those similarly situated Class members hereby incorporate by reference each

27    and every other paragraph in this Complaint herein as if fully plead.

28  114.  Labor Code section 226 subdivision (a) requires Defendants and/or DOES to, inter alia,

itemize in wage statements and accurately report the total hours worked and total wages earned. Defendants and/or DOES have knowingly and intentionally failed to comply with Labor Code section 226, subdivision (a), on each and every wage statement provided to Plaintiffs and members of the proposed Class.

115. Labor Code section 1174 requires Defendants and/or DOES to maintain and preserve, in a centralized location, records showing the daily hours worked by and the wages paid to its employees. Defendants and/or DOES have knowingly and intentionally failed to comply with Labor Code section 1174. The failure of Defendants and/or DOES, and each of them, to comply with Labor Code section 1174 is unlawful pursuant to Labor Code section 1175.

116. Defendants and/or DOES failed to maintain accurate time records - as required by IWC Wage Order No. 7, and Cal. Code Regs., Title 8 section 11090 - showing, among other things, when the employee begins and ends each work period, the total daily hours worked in itemized wage statements, total wages, bonuses and/or incentives earned, and all deductions made.

117. Defendants and/or DOES have knowingly and intentionally failed to provide Plaintiffs and the Class members with accurate itemized wage statements which show: "(1) gross wages earned, (2) total hours worked by the employee, . . . (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer and, if the employer is a farm labor contractor, as defined in subdivision (b) of Section 1682, the name and address of the legal entity that secured the services of the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee[.]" Labor Code section 226(a).

118. As a direct result of Defendants and/or DOES unlawful acts, Plaintiffs and the Class they

FIRST AMENDED CLASS ACTION COMPLAINT   23

intend to represent have been damaged and are entitled to recovery of such amounts, plus interest thereon, attorneys' fees, and costs, pursuant to Labor Code section 226.

119.   WHEREFORE, Plaintiffs and the Class they seek to represent request relief as described below.

**SIXTH CAUSE OF ACTION AGAINST DEFENDANTS AND/OR DOES: Failure to Pay All Wages Due at the Time of Termination from Employment (Lab. Code §§ 201-203)**

120.   Plaintiffs and those similarly situated Class members hereby incorporate by reference each and every other paragraph in this Complaint herein as if fully plead.

121.   Plaintiffs terminated their employment with Defendants and/or DOES.

122.   Whether Plaintiffs voluntarily or involuntarily terminated their employment with Defendants and/or DOES, Defendants and/or DOES did not timely pay them straight time wages owed at the time of their termination.

123.   Whether Plaintiffs voluntarily or involuntarily terminated their employment with Defendants and/or DOES, Defendants and/or DOES did not timely pay them overtime wages owed at the time of their termination.

124.   Whether Plaintiffs voluntarily or involuntarily terminated their employment with Defendants and/or DOES, Defendants and/or DOES did not timely pay them meal and/or rest period premiums owed at the time of their termination.

125.   Numerous members of the Class are no longer employed by Defendants and/or DOES. They were either fired or quit Defendants' and/or DOES' employ. Defendants and/or DOES did not pay all timely wages owed at the time of their termination. Defendants and/or DOES did not pay all premium wages owed at the time of their termination.

126.   Labor Code section 203 provides that, if an employer willfully fails to pay, without abatement or reduction, in accordance with Labor Code sections 201, 201.5, 202 and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue at the same rate, for up to thirty (30) days from the due date thereof, until paid or until an action therefore is commenced.

127.   Defendants and/or DOES failed to pay Plaintiffs a sum certain at the time of their termination or within seventy-two (72) hours of their resignation, and have failed to pay those sums for thirty (30) days thereafter. Pursuant to the provisions of Labor Code section 203, Plaintiffs are entitled to a penalty in the amount of their daily wage, multiplied by thirty (30) days.

128.   When Plaintiffs and those members of the Class who are former employees of Defendants and/or DOES separated from Defendant's and/or DOES' employ, Defendants and/or DOES willfully failed to pay all straight time wages, overtime wages, meal period premiums, and/or rest period premiums owed at the time of termination.

129.   Defendants and/or DOES failure to pay said wages to Plaintiffs and members of the Class they seek to represent, was willful in that Defendants and/or DOES and each of them knew the wages to be due, but failed to pay them.

130.   As a consequence of Defendants' and/or DOES' willful conduct in not paying wages owed at the time of separation from employment, Plaintiffs and members of the proposed Class are entitled to thirty (30) days' worth of wages as a penalty under Labor Code section 203, together with interest thereon and attorneys' fees and costs.

131.   WHEREFORE, Plaintiffs and the Class they seek to represent request relief as described below.

**SEVENTH CAUSE OF ACTION AGAINST DEFENDANTS AND/OR DOES: Irregular Pay Periods (Lab. Code §§ 204; 210)**

132.   Plaintiffs and those similarly situated Class members hereby incorporate by reference each and every other paragraph in this Complaint herein as if fully plead.

133.   All wages due to any employee are due and payable twice during each month and all overtime wages must be paid no later than the payday for the next regular payroll period pursuant to Labor Code §204.

134.   Labor Code §210 provides, without limitation, that in addition to, and entirely independent and apart from, any other penalty provided by the Labor Code, every person who fails to pay the wages of each employee as provided in §§201.3, 204, 204b, 204,1, 204.2,

205,205.5, and 1197.5 of the Labor Code, shall be subject to penalty.

135.   Defendants and/or DOES failed to pay wages to Plaintiffs and Class Members in the timeframes provided in Labor Code §204.

136.   As a result Defendants' and/or DOES' continuous and consistent policies failing to pay Plaintiffs and Class Members all straight time wages, meal period premiums, and rest period premiums owed, Defendants' and/or DOES failed to pay wages due and payable to Plaintiffs and Class Members twice during each month as provided in Labor Code §204.

137.   As a result Defendants' and/or DOES' continuous and consistent policies failing to pay Plaintiffs and Class Members all overtime wages owed, Defendants' and/or DOES failed to pay wages due and payable to Plaintiffs and Class no later than the payday for the next regular payroll period as provided in Labor Code §204.

138.   Defendants and/or DOES failure to pay said wages to Plaintiffs and members of the Class they seek to represent, was willful in that Defendants and/or DOES and each of them knew the wages to be due, but failed to pay them.

139.   As a consequence of Defendants' and/or DOES' willful conduct in not timely paying wages and overtime wages owed, Plaintiffs and members of the proposed Class are entitled to one hundred dollars ($100) for any initial violation and two hundred dollars ($200) for any subsequent violation plus twenty-five percent (25%) of the amount withheld under Labor Code §210, together with interest thereon and attorneys' fees and costs.

140.   WHEREFORE, Plaintiffs and the Class they seek to represent request relief as described below.

**EIGHTH CAUSE OF ACTION AGAINST DEFENDANTS AND/OR DOES:**
**Violation of Unfair Competition Law (California Bus. & Prof. Code, § 17200, et seq.)**

141.   Plaintiffs and those similarly situated Class members hereby incorporate by reference each and every other paragraph in this Complaint herein as if fully plead.

142.   Defendants and/or DOES failure to pay all straight time and overtime wages earned, failure to provide compliant meal and/or rest breaks and/or compensation in lieu thereof, failure to itemize and keep accurate records, failure to pay all wages due at time of termination,

and failure to timely pay all wages and overtime wages due, as alleged herein, constitutes unlawful activity prohibited by California Business and Professions Code section 17200, et seq.

143. The actions of Defendants and/or DOES in failing to pay Plaintiffs and members of the proposed Class in a lawful manner, as alleged herein, constitutes false, unfair, fraudulent and deceptive business practices, within the meaning of California Business and Professions Code section 17200, et seq.

144. Plaintiffs are entitled to an injunction and other equitable relief against such unlawful practices in order to prevent future damage, for which there is no adequate remedy at law, and to avoid a multiplicity of lawsuits. Plaintiffs brings this cause as individuals and as members of the general public actually harmed and as a representative of all others subject to Defendants' and/or DOES' unlawful acts and practices.

145. As a result of their unlawful acts, Defendants and/or DOES have reaped and continue to reap unfair benefits at the expense of Plaintiffs and the proposed Class they seeks to represent. Defendants and/or DOES should be enjoined from this activity and made to disgorge these ill-gotten gains and restore Plaintiffs and the members of the proposed Class pursuant to Business and Professions Code section 17203. Plaintiffs are informed and believe, and thereon allege, that Defendants and/or DOES are unjustly enriched through their policy of not all wages owed to Plaintiffs and members of the proposed Class.

146. Plaintiffs are informed and believe, and thereon allege, that Plaintiffs and members of the proposed class are prejudiced Defendants' and/or DOES' unfair trade practices.

147. As a direct and proximate result of the unfair business practices of Defendants and/or DOES, and each of them, Plaintiffs, as individuals and on behalf of all workers similarly situated, are entitled to equitable and injunctive relief, including full restitution and/or disgorgement of all wages and premium pay which have been unlawfully withheld from Plaintiffs and members of the proposed Class as a result of the business acts and practices described herein and enjoining Defendants and/or DOES from engaging in the practices

1    described herein.

2    148.    The illegal conduct alleged herein is continuing, and there is no indication that Defendants
3            and/or DOES will cease and desist from such activity in the future. Plaintiffs allege that if
4            Defendants and/or DOES are not enjoined from the conduct set forth in this Complaint,
5            they will continue the unlawful activity discussed herein.

6    149.    Plaintiffs further request that the Court issue a preliminary and permanent injunction
7            prohibiting Defendants and/or DOES from continuing to not pay Plaintiffs and the
8            members of the proposed Class overtime wages as discussed herein.

9    150.    WHEREFORE, Plaintiffs and the Class they seek to represent request relief as described
10           below.

11   **NINTH CAUSE OF ACTION AGAINST DEFENDANTS AND/OR DOES:**
     **Violations of the Private Attorneys General Act of 2004 ("PAGA") (<u>Labor Code</u>**
12   **<u>§2698 et seq</u>**

13   151.    Plaintiffs and those similarly situated Class members hereby incorporate by reference each
14           and every other paragraph in this Complaint herein as if fully plead.

15   152.    Plaintiffs, by virtue of their employment with Defendants and/or DOES, and Defendants'
16           and/or DOES' failure to provide meal and rest periods, overtime compensation, all wages
17           for all work performed at the statutory minimum agreed upon rate, all wages due at
18           termination, itemized wage statements, and timely pay all wages and overtime wages due,
19           are aggrieved employees with standing to bring an action under the Private Attorney
20           General Act ("PAGA").   Plaintiffs, as representatives of the people of the State of
21           California, will seek any and all penalties otherwise capable of being collected by the Labor
22           Commission and/or the Department of Labor Standards Enforcement (DLSE). This
23           includes each of the following, as set forth in Labor Code Section 2699.5, which provides
24           that Section 2699.3(a) applies to any alleged violation of the following provisions: Sections
25           201 through 203, 204, 205.5, 210, 212, 213, 221, 222, 223, 226, 226.7, 246, 247.5, 510,
26           512, 558, 1174, 1194, 1197, 1197.1, and 1199.

27   153.    Plaintiffs are informed and believe that Defendants and/or DOES have violated and

28

FIRST AMENDED CLASS ACTION COMPLAINT   28

1    continue to violate provisions of the California Labor Code and applicable Wage Orders

2    related to meal and rest periods, overtime compensation, wages for all work performed, all

3    wages due at termination, itemized wage statements, and timely paying all wages and

4    overtime wages owed.

5    154.   Plaintiffs, as personal representatives of the general public, will and do seek to recover any

6        and all penalties for each and every violation shown to exist or to have occurred during the

7        one-year period of filing of Plaintiffs' January 15, 2020 notice to the LWDA, in an amount

8        according to proof, as to those penalties that are otherwise only available to public agency

9        enforcement actions.  All funds recovered will be distributed in accordance with PAGA,

10       with at least 75% of the penalties recovered being reimbursed to the State of California and

11       the Labor and Workforce Development Agency (LWDA).

12   **V.     PRAYER FOR RELIEF**

13   WHEREFORE, Plaintiffs pray for judgment as follows:

14       1.     That the Court determine that this action may be maintained as a class action;

15       2.     For compensatory damages, in an amount according to proof at trial, with interest

16              thereon;

17       3.     For economic and/or special damages in an amount according to proof with interest

18              thereon;

19       4.     For unpaid straight time and overtime wages, in an amount according to proof at

20              trial, with interest thereon;

21       5.     For compensation for all time worked;

22       6.     For compensation for not being provided paid rest breaks;

23       7.     For compensation for not being provided paid meal periods;

24       8.     For damages and/or monies owed for failure to comply with itemized employee

25              wage statement provisions;

26       9.     For all waiting time penalties owed;

27       10.    For penalties and/or monies owed for failure to timely pay all wages and overtime

28

FIRST AMENDED CLASS ACTION COMPLAINT   29

wages owed;

11. That Defendants be found to have engaged in unfair competition in violation of sections 17200 et seq. of the California Business and Professions Code;

12. That Defendants be ordered and enjoined to make restitution to the Class due to their unfair competition, including disgorgement of their wrongfully withheld wages pursuant to California Business and Professions Code sections 17203 and 17204;

13. That an order of specific performance of all penalties owed be issued under Business and Professions Code sections 17202;

14. That Defendants be enjoined from continuing the illegal course of conduct, alleged herein;

15. That Defendants further be enjoined to cease and desist from unfair competition in violation of section 17200 et seq. of the California Business and Professions Code;

16. That Defendants be enjoined from further acts of restraint of trade or unfair competition;

17. For penalties for each violation of the Labor Code Private Attorneys General Act of 2004 ("PAGA");

18. For attorneys' fees;

19. For liquidated damages;

20. For interest accrued to date;

21. For costs of suit and expenses incurred herein; and

22. For any such other and further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiffs demand a jury trial.

Dated: November 4, 2020                      **MARA LAW FIRM, PC**

David Mara, Esq.
Matthew Crawford, Esq.
Representing Plaintiffs