UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAHARA HANSBER, et al.,<br><br>　　　　Plaintiffs,<br><br>　　vs.<br><br>ULTA BEAUTY COSMETICS, LLC; and DOES 1-100,<br><br>　　　　Defendants. | CASE NO. 1:21-cv-00022-AWI-JLT<br><br>**ORDER GRANTING REQUEST TO SEAL DOCUMENTS RELATED TO THE MOTION TO JOIN THE NECESSARY PARTY**<br>**(Doc. 34)** |

　　The defendant seeks to seal documents upon which it relies for its motion to join a necessary party (Doc. 34) The defense contends that these documents contain confidential and proprietary information related to its business operations. Id. at 2. Despite the passage of the time allowed to oppose the request (Local Rule 141(c)), the plaintiffs have not opposed the motion.

　　The request to seal documents is controlled by Federal Rule of Civil Procedure 26(c). The Rule permits the Court to issue orders to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." Only if good cause exists may the Court seal the information from public view after balancing "the needs for discovery against the need for confidentiality.'" Pintos v. Pac. Creditors Ass'n, 605 F.3d 665, 678 (9th Cir. Cal. 2010) (quoting Phillips ex rel. Estates of Byrd v. Gen. Motors Corp., 307 F.3d 1206, 1213 (9th Cir. 2002)).

1   Generally, documents filed in civil cases are to be available to the public. <u>EEOC v. Erection Co.</u>, 2   900 F.2d 168, 170 (9th Cir. 1990); see also <u>Kamakana v. City and County of Honolulu</u>, 447 F.3d 1172, 3   1178 (9th Cir.2006); <u>Foltz v. State Farm Mut. Auto Ins. Co.</u>, 331 F.3d 1122, 1134 (9th Cir.2003). The 4   Court may seal documents only when the compelling reasons for doing so outweigh the public's right of 5   access. <u>EEOC</u> at 170. In evaluating the request, the Court considers the "public interest in 6   understanding the judicial process and whether disclosure of the material could result in improper use of 7   the material for scandalous or libelous purposes or infringement upon trade secrets." <u>Valley 8   Broadcasting Co. v. United States District Court</u>, 798 F.2d 1289, 1294 (9th Cir. 1986).

9   Based upon the showing that the documents at issue, the Staffing Services Agreement dated 10   April 6, 2018, between Ulta Inc. and Exact Staff Inc. (pages 1 through 12), and the Client Service 11   Agreement, dated April 13, 2012, between Ulta and Randstad General Partner (US), LLC, reveal 12   confidential information that should be protected from public view, the defendant's request to file these 13   documents under seal is **GRANTED**. **Within three court days,** the plaintiff **SHALL** submit the 14   document by email to ApprovedSealed@caed.uscourts.gov.

16   IT IS SO ORDERED.

17   Dated:   **December 22, 2021**         _ **/s/ Jennifer L. Thurston**
18                                           CHIEF UNITED STATES MAGISTRATE JUDGE

**[PROPOSED] ORDER GRANTING STIPULATION TO EXTEND TIME FOR DEFENDANT TO RESPOND TO PLAINTIFFS'
SECOND AMENDED COMPLAINT**