UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAHARA HANSBER, on behalf of themselves, all others similarly situated, and on behalf of the general public, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>ULTA BEAUTY COSMETICS, LLC, et al.,<br><br>Defendants. | Case No.: 1:21-cv-00022-AWI-BAK (SAB)<br><br>FINDINGS AND RECOMMENDATIONS GRANTING DEFENDANT'S MOTION TO JOIN PARTIES<br><br>(Doc. 33)<br><br>[THIRTY-DAY OBJECTION DEADLINE] |

On December 17, 2021, Defendant Ulta Beauty filed the instant motion to join staffing agency employers as necessary parties pursuant to Fed. R. Civ. P. 19(a). (Doc. 33.) Plaintiffs filed their opposition on January 10, 2022 (Doc. 40), and Defendant filed a reply on January 14, 2022. (Doc. 41.) On January 19, 2022, the motion was referred to the undersigned magistrate judge for entry of findings and recommendations pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72. (Doc. 42.) For the reasons set forth below, the Court RECOMMENDS that the motion to join be GRANTED.

### I.   Relevant Factual Background

Ulta contracts with third-party staffing agencies, including Exact Staff, Inc. and Spherion Staffing LLC, to provide temporary staffing services at its facilities, including at its Fresno distribution center. (Doc. 33-1, Uwanawich Decl., ¶ 3.) On or about April 6, 2018, Ulta

1

entered into a Staffing Services Agreement with Exact, pursuant to which Exact agreed to recruit, screen, and hire its own employees who would be temporarily assigned by Exact to work at Ulta distribution centers. (Uwanawich Decl., ¶ 4, Exh. A.)

On or about April 13, 2012, Ulta entered into a Client Service Agreement with Randstad General Partner (US), LLC, pursuant to which Randstad agreed to recruit, screen, and hire its own employees who would be temporarily assigned to work at Ulta's facilities, including, among other facilities, the Fresno distribution center. (Uwanawich Decl., ¶ 5, Exh. B.) On or about August 29, 2016, Spherion became a party to that Client Service Agreement. (Uwanawich Decl., ¶ 5.)

Hansber was directly employed by Exact and placed on assignment at the Fresno distribution center from on or about November 23, 2018, to on or about December 19, 2018, and again from on or about September 5, 2019, to November 14, 2019. (Uwanawich Decl., ¶ 8.) Moreno was directly employed by Spherion and placed on assignment at the Fresno distribution center from on or about April 2, 2019, to on or about April 25, 2019. (*Id*.)

Like all Exact and Spherion employees who are temporarily assigned to work at the Fresno distribution center, Hansber and Moreno used time clocks provided and installed by Exact and Spherion, respectively, which are separate and different from other time clocks used by Ulta's own directly employed employees. (Uwanawich Decl., ¶¶ 5, 6, Exh. B.) The time clocks provided and installed by the staffing agencies are placed in various locations throughout the Fresno distribution center and connected to the staffing agencies' own timekeeping system, but they do not interface with Ulta's separate and different timekeeping system that it uses solely for its own directly employed employees. (Uwanawich Decl., ¶ 6.) Ulta does not have the ability to access the timekeeping systems used by staffing agencies at the Fresno distribution center to make any changes to the time records of their temporary employees assigned to work there. (*Id*.)

Exact and Spherion each have their own separate office suites within the Fresno distribution center and employ and provide their own respective on-site supervisors there to whom their respective employees temporarily assigned to work at the Fresno distribution

center report and address all employment-related issues. (Uwanawich Decl., ¶¶ 5, 6, Exh. B.) Those supervisors are physically on-site at the Fresno distribution center and/or otherwise reachable 24 hours a day, seven days a week, to address employment-related issues concerning their employees on temporary work assignments at the Fresno distribution center, including issues related to hiring, on-boarding, job performance, progressive discipline, wage and hour issues, benefits, and re-assignment or discharge. (Uwanawich Decl., ¶ 6.)

## II.     Procedural History

On November 4, 2020, Plaintiffs filed a first amended class action complaint for damages, injunctive relief, declaratory relief, and restitution in Kern County Superior Court. (Doc. 1.) On January 5, 2021, Spherion removed the state court action to this Court pursuant to the Class Action Fairness Action, 28 U.S.C. § 1332(d). (*See* Doc. 1.) Ulta Beauty joined in Spherion's removal. (*See id*., ¶ 11.)

On March 15, 2021, pursuant to stipulation of the parties (Doc. 13), Plaintiffs filed a second amended class action complaint. (Doc. 15.) The second amended complaint dropped Spherion as a defendant, leaving Ulta Beauty as the sole defendant. (*See id*.) On April 18, 2021, Ulta Beauty filed a motion to dismiss and/or strike the second amended complaint pursuant to Fed. R. Civ. P. 12(b)(6) and/or 12(f). (Doc. 18.) On October 5, 2021, the Court issued its order granting in part and denying in part that motion, which granted Plaintiffs leave to file a further amended complaint. (Doc. 26.) On November 2, 2021, Plaintiffs filed the now operative third amended class action complaint. (Doc. 29.) Defendant filed its answer on November 23, 2021. (Doc. 30.)

The third amended complaint alleges eight causes of action against Ulta Beauty only for: (1) failure to pay all straight time wages; (2) failure to pay all overtime wages: (3) failure to provide meal periods; (4) failure to authorize and permit rest periods; (5) knowing and intentional failure to provide accurate itemized wage statements; (6) failure to pay all wages upon termination or separation; (7) unfair competition; and (8) civil penalties under the California Labor Code Private Attorneys General Act. (*See* Doc. 29.) Plaintiffs purport to bring these claims on behalf of themselves and a putative class including all "non-exempt, hourly

workers who were employed and/or performed services for [Ulta Beauty] and/or DOES, either directly for [Ulta Beauty] and/or DOES, or through staffing agencies and/or other third party entities, in [Ulta Beauty's] and/or DOES' warehouse/distribution facilities." (Doc. 29, ¶ 50.)

On December 17, 2021, Defendant Ulta Beauty filed the instant motion to join staffing agency employers Exact and Spherion as necessary parties pursuant to Fed. R. Civ. P. 19(a). (Doc. 33.) Plaintiffs filed their opposition on January 10, 2022. (Doc. 40.) Defendant filed a reply on January 14, 2022. (Doc. 41.) On January 19, 2022, the motion was referred to the undersigned magistrate judge for entry of findings and recommendations pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72. (Doc. 42.)

### III.     Legal Standards Under Rule 19

Under Federal Rule of Civil Procedure 19 courts apply a three-part test to determine whether a party must be joined in an action. *E.E.O.C. v. Peabody W. Coal Co.*, 610 F.3d 1070, 1078 (9th Cir. 2010). In this regard, the Ninth Circuit has stated as follows:

> First, the court must determine whether a nonparty should be joined under Rule 19(a). That nonparty (or "absentee") is now referred to as a "person required to be joined if feasible." If an absentee meets the requirements of Rule 19(a), the second stage is for the court to determine whether it is feasible to order that the absentee be joined. Finally, if joinder is not feasible, the court must determine at the third stage whether the case can proceed without the absentee or whether the action must be dismissed.

*Id.*

Rule 19(b) applies only if a party is necessary and it is not feasible to join them. Fed. R. Civ. P. 19(b) (applying when "a person who is required to be joined if feasible cannot be joined"); *Deschutes River All. v. Portland Gen. Elec. Co.*, 1 F.4th 1153, 1163 (9th Cir. 2021) ("If joinder is not feasible, Rule 19(b) requires dismissal when the action cannot proceed 'in equity and good conscience' without the required party."); *Supergard Canada, Ltd. v. Toughguard, Inc.*, No. CIV. 00-1677-AS, 2001 WL 34047034, at *1 (D. Or. July 19, 2001), *report and recommendation adopted*, 2001 WL 34042633 (D. Or. Aug. 21, 2001) ("Rule 19(a) defines those persons who should be joined as parties to the action, and Rule 19(b) supplies the result when joinder of such a party is not feasible." (citing C. Wright, A. Miller & M. Kane, Federal Practice and Procedure, Civ. § 1604)).

**IV.     Discussion**

**A.     Request for Judicial Notice**

The Court may take judicial notice of a fact that "is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201.

Based upon Federal Rules of Evidence Rule 201, Defendant requests the Court take judicial notice of a (1) statement of information filed by Exact Staff, Inc. with the Secretary of State of California on August 19, 2021, and (2) website to "Find Spherion Employment Offices in California," for Spherion staffing and recruiting. (Doc. 33 at 11; 33-37.) Plaintiffs did not oppose this request.

As to the first request, the printouts from the California Secretary of State are a matter of public record whose accuracy cannot be reasonably questioned. *See Champion Courage Ltd. v. Fighter's Mkt., Inc.*, No. 17-01855-AJB-BGS, 2018 WL 1920201, at *2 (S.D. Cal. Apr. 24, 2018); *Solarmore Mgmt. Servs., Inc. v. Bankr. Est. of DC Solar Sols.*, No. 2:19-CV-02544-JAM-DB, 2021 WL 3077470, at *1 (E.D. Cal. July 21, 2021). Additionally, Defendant has requested the Court take judicial notice of relevant pages of Spherion's website. Websites and their contents are proper subjects for judicial notice. *Threshold Enterprises Ltd. v. Pressed Juicery, Inc.*, 445 F.Supp.3d 139, 146 (N.D. Cal. 2020). Accordingly, the Court grants Defendant's request for judicial notice.

**B.     Rule 19(a)**

Rule 19(a) states that a party is necessary if:

(A) in that person's absence, the court cannot accord complete relief among existing parties; or

(B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:

(i)     as a practical matter impair or impede the person's ability to protect the interest; or

    (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1).

  Defendant alleges that Exact and Spherion are necessary parties under Rule 19(a)(1), asserting that the Court cannot accord complete relief among the parties without joining Exact and Spherion as defendants. (Doc. 33 at 20-25.) The Court agrees.

  Defendant relies heavily on *Overpeck v. FedEx Corp.*, No. 18-CV-07553-PJH, 2020 WL 1557433 (N.D. Cal. Apr. 1, 2020), in support of its argument. (Doc. 33 at 20-21.) In *Overpeck*, the entities that purportedly employed plaintiffs in that case were not a party. *Id.* at *4. FedEx Ground Package System, Inc. contracted with independent service providers that employed drivers who provided transportation and delivery services on behalf of FedEx pursuant to service agreements between the independent service providers and FedEx. *Id.* at *1. The plaintiffs, current or former long-haul and local delivery drivers who provided transportation and delivery services to FedEx, filed a putative wage and hour class action against FedEx, but did not name their direct employer independent service providers as defendants. *See id.* The independent service provides paid plaintiffs' wages. *Id.* at *4. The essence of the plaintiffs' claim was that they were actually FedEx employees despite being employed by the independent service providers, *i.e.*, that FedEx was a joint employer of the plaintiffs along with the independent service providers. *Id.* at *1. FedEx filed a motion to join the independent service providers as necessary parties to the action, which the court granted. *See id.* at *2.

  Plaintiffs argue that *Overpeck* is distinguishable because Plaintiffs seek to hold Defendant solely liable as a joint employer for the various Labor Code violations alleged in the complaint, as opposed to Exact and Spherion. (Doc. 40 at 12.) Plaintiffs assert that the third amended complaint does not allege that the violations occurred as a result of Exact's or Spherion's policies or practices, nor do Plaintiffs allege that any provision of the agreements entered into by Defendant with Exact and Spherion is responsible for the alleged unlawful conduct. (*Id.* at 14.) Plaintiffs argue that Defendant fails to make any showing that Exact

6

and/or Spherion were a part of or responsible for the implementation or enforcement of this alleged unlawful conduct. (*Id*. at 25.)

However, Exact and Spherion were Hansber's and Moreno's direct employers and were responsible for paying wages and issuing wage statements to Hansber, Moreno, and the other putative class members employed and assigned by them to work on a temporary basis at Ulta's Fresno distribution center. (Doc. 33 at 22; Doc. 41 at 8; Uwanawich Decl. ¶ 8.) Exact and Spherion each provided temporary staffing services at the Fresno distribution center pursuant to contractual arrangements to do so. (Doc. 33 at 22; Uwanawich Decl., ¶¶ 3-5.) According to Defendant, Exact and Spherion were solely responsible for recruiting, screening, and hiring their own employees – including Hansber and Moreno – who were then assigned by Exact and Spherion to provide temporary services at, among other locations, the Fresno distribution center. (*See* Doc. 33 at 22, Uwanawich Decl., Exhs. A, B.) Defendant reports that they were also solely responsible for addressing employment-related issues concerning their employees on temporary work assignments at the Fresno distribution center, including issues related to wage and hour issues and discharge (Uwanawich Decl., ¶ 6), and were solely responsible for paying their employees' wages, maintaining their personnel and payroll records, and issuing wage statements to each of them. (*Id*., ¶ 9.) Defendant reports that Ulta Beauty did not make any payments of wages or other amounts and did not issue wage statements to Hansber or Moreno (or any other individuals temporarily assigned to work at the Fresno distribution center by Exact or Spherion). (Doc. 33 at 22; *id*.) As Defendant asserts in reply, the third amended complaint, which alleges, among other things, a failure to pay all wages due and a failure to provide accurate itemized wage statements to non-exempt, hourly workers employed by Exact and Spherion and assigned to work at the Fresno distribution center on a temporary basis, does in fact allege wrongdoing by Exact and Spherion, even if it does not identify them by name. (Doc. 41 at 8.)

Defendant further correctly asserts that the Court will not be able to accord complete relief because Ulta Beauty would not be jointly and severally liable for any Labor Code violations committed by Exact and/or by Spherion. (Doc. 33 at 24.) The California Labor

Code, as a general rule, does not hold joint employers to be joint and severally liable unless the statutory section in question explicitly authorizes joint and several liability. *See Noe v. Superior Court*, 237 Cal. App. 4th 316, 333-34 (Ct. App. 2015) (recognizing "no authority for the proposition that a joint employer may be held liable for Labor Code violations committed by a cojoint employer based on principles of agency or joint and several liability. Rather, whether an employer is liable under the Labor Code depends on the duties imposed under the particular statute at issue"). Plaintiffs bring claims under the California Labor Code, which imposes liability on employers for violations of the statute and applicable wage orders. Plaintiffs specifically bring this action pursuant to California Labor Code sections 201, 203, 204, 210, 218, 218.5, 223, 224, 226, subd. (b), 226.7. 510, 512, 515, 558, 1194, 1197. (*See generally* Doc. 29.) Because the Labor Code imposes liability on employers for statutory violations, Exact and Spherion are necessary to accord complete relief as Plaintiffs' employer or, potentially, joint employers. *See also Mattera v. Clear Channel Commc'ns, Inc.*, 239 F.R.D. 70, 76 (S.D.N.Y. 2006) ("It is difficult to see how [the plaintiff] could be accorded complete relief without [the absent party], the entity that employs and, moreover, pays and makes charge backs to the wages of, members of the putative class.").

Plaintiffs would only be able to hold Ulta Beauty, Exact, and Spherion joint and severally liable under the Labor Code if the statutory sections and wage orders explicitly permit such liability, but they do not in this case. *See*, *e.g.*, *Serrano v. Aeroteck, Inc.*, 21 Cal.App.5th 773 (2018) (joint employer not liable for meal period violations where it had fulfilled its responsibilities under the Labor Code). For example, Plaintiffs' third and fourth causes of action allege violations of Labor Code section 226.7 for failures to provide meal and rest periods. Section 226.7 imposes liability on "[a]n employer" but does not impose joint and several liability. *See* Cal. Lab. Code § 226.7. As a counterexample, Labor Code section 238.5 provides that "contracts for services in the property services or long-term care industries shall be jointly and severally liable for any unpaid wages." *See* Cal. Lab. Code § 238.5. Reviewing the particular statutes at issue here demonstrates that, if Plaintiffs were to prevail, and Defendants are deemed joint employers, it does not follow that the Court will be able to accord

complete relief because Ulta Beauty would not be joint and severally liable for any violations committed by Exact and Spherion.

Plaintiffs rely on *Brum v. Cty. of Merced*, No. 1:12-cv-01636-AWI-KSO, 2013 U.S. Dist. LEXIS 77026 (E.D. Cal. May 31, 2013). (Doc. 40 at 13-14, 17.) In *Brum*, the plaintiffs alleged discrimination and harassment claims against the defendants. *Id*. at *1. The defendants moved to join the plaintiffs' union as a necessary party, arguing that the plaintiffs' claims are "inextricably intertwined" with the defendant County's agreements with the union. *Id*. at *2. In determining whether the union was a necessary party in a labor context, the Court applied a standard in which "a court should focus particularly on, first, whether disposition of the case may necessitate altering negotiated terms of a collective bargaining agreement and, second, whether the plaintiff has in fact alleged discriminatory conduct by the union in furthering, perpetuating or countenancing the employer's alleged discriminatory conduct." *Id*. at *6, quoting *Lewis v. B.P. Oil, Inc.,* No. CIV. A. 88-5561, 1990 WL 6116, at *2 (E.D. Pa. Jan.26, 1990). The court also set forth that "[i]n the case of the joinder of a union in an employment discrimination case, the Court is primarily looking for evidence that its judgment will adversely affect the rights of the union." *Id*., quoting *Lane v. J.H. Haynes Elec. Co., Inc.,* No. 1:12CV381-LG-JMR, 2013 WL 1310676, at *1 (S.D. Miss. Mar. 28, 2013). However, this case is distinguishable because the court in *Brum* applied the framework to determine whether a union is a necessary party in an employment discrimination case, and this case does not involve a union or employment discrimination. (Doc. 41 at 9.)

Exact and Spherion are necessary parties because their pay, timekeeping, and recordkeeping practices and records, in which Ulta Beauty is not involved, are fundamental to establishing liability in this case. (Doc. 41 at 13, n.8; Uwanawich Decl. ¶¶ 4-6, 8 Exh. A, Exh. B.) Without Plaintiffs' actual employer being party to this case, the Court's ability to grant complete relief among the existing parties is impeded. The Court consequently finds Exact and Spherion to be indispensable parties pursuant to Federal Rule of Civil Procedure 19(a)(1). Given Rule 19's disjunctive conditions, the Court need not reach whether other conditions of Rule 19 are met.

### C. Whether Joinder is Feasible

There are three instances when joinder is not feasible: "when venue is improper, when the absentee is not subject to personal jurisdiction, and when joinder would destroy subject matter jurisdiction." *E.E.O.C. v. Peabody W. Coal Co.*, 400 F.3d 774, 779 (9th Cir. 2005) (citing Fed. R. Civ. P. 19(a) and *Tick v. Cohen*, 787 F.2d 1490, 1493 (11th Cir. 1986)).

Defendant argues that joinder of Exact and Spherion in this action is feasible because (1) there is no dispute that venue is proper in this district because Plaintiffs have already alleged that it is proper, (2) Exact and Spherion are each subject to personal jurisdiction in California, and (3) joinder of Exact and Spherion will not destroy subject matter jurisdiction. (Doc. 33 at 30-31.) Plaintiffs do not contend these points. (*See* Doc. 40; Doc. 41 at 17.)

First, venue is appropriate where "a substantial part of the events or omission giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2). Plaintiffs alleged in their third amended complaint that venue is proper in this district. (Doc. 29 at 7, ¶ 28.) Adding Exact and Spherion in this action does not change the location of where the causes of action arose and venue remains proper in this district.

Next, Exact and Spherion are each subject to personal jurisdiction in California. Exact is a California corporation that maintains its principal place of business in California (Doc. 33 at 30-31, 33-34), and the Court has personal jurisdiction over Exact based on general jurisdiction. *See Daimler AG v. Bauman*, 571 U.S. 117, 125, 137 (2014) ("With respect to a corporation, the place of incorporation and principal place of business are paradigm bases for general jurisdiction." (cleaned up)). As Defendant points out, Spherion was already joined as a named defendant in this action until it was dropped from Plaintiffs' second amended complaint, and Spherion did not challenge this Court's personal jurisdiction over it while a named defendant. (Doc. 33 at 31.) Spherion represents that it maintains multiple offices in California (*Id.* at 35-37) and has employed California residents (including Moreno) at all relevant times. (*Id.* at 31.) The Due Process Clause of the Fourteenth Amendment permits personal jurisdiction over a defendant in any State with which the defendant has "certain minimum contacts . . . such that the maintenance of the suit does not offend 'traditional notions

10

of fair play and substantial justice.' *Milliken v. Meyer,* 311 U.S. 457, 463 (1940)." *International Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945). Thus, jurisdiction over Spherion is also proper.

Finally, joinder of Exact and Spherion will not destroy subject matter jurisdiction. Defendant sets forth that this action was removed pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2)(A), which provides district courts with jurisdiction over class actions where, inter alia, any member of a class of plaintiffs is a citizen of a state different from any defendant. (Doc. 33 at 31, citing 28 U.S.C. § 1332(d)(2)(A).) While Plaintiffs are California citizens, Ulta Beauty is a Florida limited liability company with its principal place of business in Illinois; thus, the citizenship of Exact and Spherion is immaterial. (Doc. 33 at 31.)

Accordingly, it is feasible to join the Exact and Spherion as defendants.

### D.      Indispensability of Parties

Under Rule 19(a)(1)(B), Defendant argues that Exact's and Spherion's absence may impede their ability to protect their interests. (*See* Doc. 33 at 25-30.) However, Rule 19(b) applies only if the court concludes a party is required but joinder is not feasible. *See* Fed. R. Civ. P. 19(b) (applying when "a person who is required to be joined if feasible cannot be joined"); *Deschutes River All. v. Portland Gen. Elec. Co.*, 1 F.4th 1153, 1163 (9th Cir. 2021) ("If joinder is not feasible, Rule 19(b) requires dismissal when the action cannot proceed 'in equity and good conscience' without the required party."). Because Plaintiffs have not established that joinder is not feasible, Rule 19(b) does not apply. As stated previously, the Court finds that Exact and Spherion are required parties under Rule 19(a)(1)(A), and because Rule 19(a)(1)'s requirement is disjunctive, the Court need not consider Defendant's alternative arguments under Rule 19(a)(1)(B).

### V.      Findings and Recommendations

Based on the foregoing, the Court RECOMMENDS that Defendant's motion to join Exact and Spherion as necessary parties pursuant to Rule 19(a) (Doc. 33) be GRANTED.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of

the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty days after being served with these Findings and Recommendations, any party may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be filed and served within fourteen days of the date of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991); *Wilkerson v. Wheeler*, 772 F.3d 834, 834 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:   **March 10, 2022**

UNITED STATES MAGISTRATE JUDGE