1
2
3                       **UNITED STATES DISTRICT COURT**
4                       **EASTERN DISTRICT OF CALIFORNIA**
5

| | |
|---|---|
| 6  **SHAHARA HANSBER, NANG CHAN,** | **CASE NO. 1:21-cv-00022-AWI-SAB** |
| 7  **and JESUS MORENO, on behalf of** | |
|     **themselves, all others similarly situated,** | |
| 8  **and on behalf of the general public,** | **ORDER ON FINDINGS AND** |
|     | **RECOMMENDATIONS** |
| 9                       **Plaintiffs,** | |
| 10                      **v.** | (Doc. No. 44) |
| 11  **ULTA BEAUTY COSMETICS, LLC; and** | |
|     **DOES 1-100,** | |
| 12                      **Defendants** | |
| 13 | |

14

15      Plaintiffs Shahara Hansber, Nang Chan, and Jesus Moreno initiated this action by filing a

16  Class Action Complaint against Defendant Ulta Beauty Cosmetics, LLC for damages, injunctive

17  relief, declaratory relief, and restitution. The matter was referred to the assigned United States

18  Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Eastern District of California Local

19  Rule 302.

20      On December 17, 2021, Defendant filed a motion to join staffing agency employers Exact

21  Staff, Inc. ("Exact") and Spherion Staffing LLC ("Spherion") as necessary parties pursuant to Fed.

22  R. Civ. P. 19(a). Doc. No. 33. Plaintiffs filed an opposition on January 10, 2022, Doc. No. 40, and

23  on January 14, 2022, Defendant filed a reply. Doc. No. 41.

24      On March 10, 2022, the Magistrate Judge issued a Findings and Recommendation

25  ("F&R") that recommended granting Defendant's motion to join Exact and Spherion as necessary

26  parties pursuant to Rule 19(a). Doc. No. 44. The F&R reasoned that the Court could not provide

27  complete relief among the parties without joining Exact and Spherion as defendants, given that

28  Exact and Spherion's pay, timekeeping, and recordkeeping practices and records, in which

1 Defendant is not involved, are fundamental to establishing liability in this case. <u>See id.</u> The F&R

2 also concluded that joinder would be feasible because the venue is appropriate, Exact and

3 Spherion are each subject to personal jurisdiction, and their joinder would not destroy the Court's

4 subject matter jurisdiction.

5       Plaintiffs timely filed objections to the F&R and Defendant filed a reply. <u>See</u> Doc. Nos. 46,

6 47. Having carefully reviewed the entire file, the Court respectfully adopts in part and declines to

7 adopt in part the F&R as explained below.

8

9                               **LEGAL STANDARD**

10      When a party objects to the findings and recommendations of a magistrate judge, the

11 district court shall review *de novo* the findings of fact and conclusions of law to which the

12 objection is made. 28 U.S.C. § 636(b)(1)(C); <u>United States v. Reyna-Tapia</u>, 328 F.3d 1114, 1121

13 (9th Cir. 2003) (en banc); <u>E. & J. Gallo Winery v. Cantine Rallo, S.P.A.</u>, 430 F. Supp. 2d 1064,

14 1071-72 (E.D. Cal. 2005). A de novo review requires the court to "consider[] the matter anew, as

15 if no decision had been rendered." <u>Dawson v. Marshall</u>, 561 F.3d 930, 932 (9th Cir. 2009). Where

16 a party does not object to a report and recommendation, or to portions thereof, the district court is

17 not required to conduct "any review at all," de novo or otherwise. <u>Reyna-Tapia</u>, 328 F.3d at 1121;

18 <u>see also</u> E. & J. Gallo Winery, 430 F. Supp. 2d at 1072 ("The court need not review *de novo* any

19 finding or recommendation that the parties accept as correct."). The district court "may accept,

20 reject, or modify, in whole or in part, the magistrate judge's findings or recommendations."

21 <u>Decker v. Berryhill</u>, 856 F.3d 659, 663 (9th Cir. 2017).

22

23                             **FACTUAL BACKGROUND**

24      The parties do not dispute the factual background section of the F&R. In essence,

25 Defendant Ulta entered into separate staffing services agreements with Exact and Spherion,

26 pursuant to which Exact and Spherion agreed to recruit, screen, and hire their own employees who

27 would be temporarily assigned to work at Ulta's facilities. Plaintiffs were directly employed by

28 either Exact or Spherion, and they used time clocks at work that were provided and installed by

1   Exact and Spherion, respectively. The time clocks are separate and different than those Ulta uses

2   for its directly employed employees. Exact and Spherion employ and provide their own respective

3   on-site supervisors, who are physically on-site at the Ulta facilities and/or otherwise reachable 24

4   hours a day, seven days a week, to address employment-related issues, including issues related to

5   hiring, on-boarding, job performance, progressive discipline, wage and hour issues, benefits, and

6   re-assignment or discharge.[1]

7

8                                          **DISCUSSION**

9          *Plaintiffs' Arguments*

10         Plaintiffs argue that the Magistrate Judge misapplied Fed. R. Civ. Pro. 19(a)(1) in finding

11  that Exact and Spherion are necessary parties. Specifically, Plaintiffs assert that Exact and

12  Spherion need not be joined under Rule 19(a)(1)(A) because Plaintiffs seek relief only from

13  Defendant. While Plaintiffs do not disagree that Exact and Spherion are their employers, Plaintiffs

14  contend that Defendant is a joint employer who is being sued severally for its own separate

15  misconduct. Furthermore, Plaintiffs argue that Rule 19(a)(1)(B)(i) does not warrant joinder

16  because Exact and Spherion have not claimed an interest in this case. Plaintiffs also contend that

17  Exact and Spherion are not necessary parties under Rule 19(a)(1)(B)(ii) because Defendant failed

18  to adequately explain why, or how, this suit would impact its contractual arrangements with

19  Spherion or Exact, and any purported consequences between them are neither foreseeable nor

20  possible.

21         *Defendant's Arguments*

22         Defendant argues that the F&R should be adopted because Exact and Spherion are

23  necessary parties under Rule 19(a)(1). According to Defendant, Plaintiffs' objections contain

24  several "new arguments" that must be disregarded. Additionally, Defendant contends that Rule

25  19(a)(1)(A) requires Exact and Spherion to be joined to this suit because they are Plaintiffs' sole

26  employers and Defendant cannot be responsible for their liability to Plaintiffs. Furthermore,

27

28  ───────────────
[1] The Court incorporates and adopts the F&R's entire factual section.  See Doc. No. 44 at 1-3.  The Court provides an abbreviated factual recitation for ease of reading.

1  Defendant contends that Exact and Spherion are necessary parties under Rule 19(a)(1)(B)(i)

2  because they have legitimate interests in this action. Given that Exact and Spherion were solely

3  responsible for paying wages and issuing wage statements to Plaintiffs, Defendant argues that

4  their interests would undoubtedly be prejudiced if a judgment is rendered in this action in their

5  absence. Finally, Defendant argues that Exact and Spherion must be joined under Rule

6  19(a)(1)(B)(ii) because if they are not joined, then Defendant will be left with a substantial risk of

7  inconsistent obligations—that is, if Defendant is found to be a joint employer in this case, then

8  Exact and Spherion might argue in a subsequent indemnification suit brought by Defendant that

9  they are not bound by this case's judgments and, therefore, the question of Defendant's joint

10  employer status and liability would have to be relitigated.

11      *Legal Standard*

12          Under Fed. R. Civ. Pro. 19, courts apply a three-part test to determine whether an absentee

13  must be joined in an action. Salt River Project Agric. Improvement & Power Dist. v. Lee, 672

14  F.3d 1176, 1179 (9th Cir. 2012). At the first step, the court must determine whether the absentee

15  should be joined under Rule 19(a). Id. An absentee may be necessary under Rule 19(a) in three

16  different ways. Id. First, an absentee is necessary if, in his absence, the court cannot accord

17  complete relief among existing parties. Id. (citing Fed. R. Civ. P. 19(a)(1)(A)). Second, an

18  absentee is necessary if he has an interest in the action and resolving the action in his absence may

19  as a practical matter impair or impede his ability to protect that interest. Id. (citing Fed. R. Civ. P.

20  19(a)(1)(B)(i)). Third, an absentee is necessary if he has an interest in the action and resolving the

21  action in his absence may leave an existing party subject to inconsistent obligations because of

22  that interest. Id. (citing Fed. R. Civ. P. 19(a)(1)(B)(ii)).

23          At the second step, if the absentee meets the requirements of Rule 19(a), the court must

24  determine whether it is feasible to order that the absentee be joined. Id. There are three instances

25  when joinder is not feasible: "when venue is improper, when the absentee is not subject to

26  personal jurisdiction, and when joinder would destroy subject matter jurisdiction." E.E.O.C. v.

27  Peabody W. Coal Co., 400 F.3d 774, 779 (9th Cir. 2005); see also Cal. Dump Truck Owners

28  Ass'n v. Nichols, 924 F. Supp. 2d 1126, 1148 (E.D. Cal. 2012).

Finally, if joinder is not feasible, the court must determine at the third step whether the case can proceed without the absentee or whether the action must be dismissed. Salt River Project Agric. Improvement & Power Dist., 672 F.3d at 1179. Rule 19(b) applies only if a party is necessary and it is not feasible to join them. See Fed. R. Civ. P. 19(b) (applying when "a person who is required to be joined if feasible cannot be joined"); Deschutes River All. v. Portland Gen. Elec. Co., 1 F.4th 1153, 1163 (9th Cir. 2021) ("If joinder is not feasible, Rule 19(b) requires dismissal when the action cannot proceed 'in equity and good conscience' without the required party.").

Rule 19 cannot be applied in a vacuum, and it may require some preliminary assessment of the merits of certain claims. Philippines v. Pimentel, 553 U.S. 851, 868 (2008). The burden rests upon the party asserting the necessity of joining absent parties. S.B. v. Cal. Dep't of Educ., 327 F. Supp. 3d 1218, 1260 (E.D. Cal. 2018); Sierra Club v. Watt, 608 F. Supp. 305, 320-21 (E.D. Cal. 1985).

### *Discussion*

The F&R found that complete relief could not be accorded among the existing parties without joinder of Exact and Spherion. "Complete relief 'is concerned with consummate rather than partial or hollow relief as to those already parties, and with precluding multiple lawsuits on the same cause of action.'" Alto v. Black, 738 F.3d 1111, 1126 (9th Cir. 2013) (citing Disabled Rights Action Comm. v. Las Vegas Events, Inc., 375 F.3d 861, 879 (9th Cir. 2004)). To be "complete," relief must be "meaningful relief as between the parties." Id. This portion of the rule "is concerned only with relief as between the persons already parties, not as between a party and the absent person whose joinder is sought." Eldredge v. Carpenters 46 N. Cal. Joint Apprenticeship & Training Comm., 662 F.2d 534, 537 (9th Cir. 1981); see also Estate of Mendez v. City of Ceres, 390 F. Supp. 3d 1189, 1201 (E.D. Cal. 2019).

In finding that complete relief could not be accorded solely among Plaintiffs and Defendant, the F&R relied in part on *Overpeck v. FedEx Corp.*, in which the court granted defendant FedEx's motion to join several independent service providers ("ISPs") as defendants on the ground that complete relief could not otherwise be accorded between the current parties. See

Overpeck v. FedEx Corp., 2020 U.S. Dist. LEXIS 57445, *17 (N.D. Cal. Apr. 1, 2020)

("*Overpeck I*"). However, it was not until after the issuance of the F&R that Plaintiffs presented

for the first time the *Overpeck* court's later ruling that the ISPs were misjoined. See Overpeck v.

FedEx Corp., 2021 U.S. Dist. LEXIS 22476, *4-5 (N.D. Cal. Feb. 5, 2021) ("*Overpeck II*"). Both

Plaintiffs and Defendant failed to raise to the Magistrate Judge that *Overpeck II* found that

complete relief could be accorded among the existing parties, even in the absence of the ISPs,

because neither FedEx nor the plaintiffs sought any relief from the ISPs. Id. at *4.

Here, in light of *Overpeck II*, the Court finds that complete relief can be accorded among

Plaintiffs and Defendant without joinder of Exact and Spherion.[2] Like FedEx and the plaintiffs in

*Overpeck II*, Defendant and Plaintiffs do not seek relief in the instant action from any ISPs,

namely, Exact and Spherion. Id. Plaintiffs rather seek relief only from Defendant for Defendant's

policies, practices, and actions, and will attempt to present evidence that Defendant is a joint

employer. Although the Labor Code sections and wage orders underpinning Plaintiffs' claims do

not permit joint and several liability among joint employers, Noe v. Superior Court, 237 Cal. App.

4th 316, 333-34 (Ct. App. 2015), Plaintiffs are not suing Defendant for Exact and Spherion's

conduct; they are instead suing Defendant for its own conduct. See Doc. No. 46 at 8. There is

nothing improper about Plaintiffs' theory. See Grande v. Eisenhower Med. Ctr., 44 Cal. App. 5th

1147, 1160 (2020) ("[J]oint employers are not vicariously liable for each other's Labor Code

violations, but liable for their own conduct.").

Whether Defendant is liable under the Labor Code "depends on the duties imposed under

the particular statute at issue." Noe, 237 Cal. App. 4th at 334; Serrano v. Aerotek, Inc., 21 Cal.

App. 5th 773, 783 (2018). Thus, if Defendant is found to be an employer alongside Exact and

Spherion, then Plaintiff may recover relief from Defendant only for the breaches of Defendant's

duties that are recognized, if any, by the Labor Code. Plaintiff does not deny that Exact and

Spherion are Plaintiffs' direct employers who are solely responsible for recording their employees'

---

[2] While it is generally improper for a party to raise new arguments on appeal after the issuance of an F&R, Greenhow v. Sec'y of HHS, 863 F.2d 633, 638-39 (9th Cir. 1988), a district judge nevertheless has discretion to consider new evidence or legal arguments presented for the first time in a party's objections to the magistrate judge's report. United States v. Song Ja Cha, 597 F.3d 995, 1003 n.7 (9th Cir. 2010) (citing Brown v. Roe, 279 F.3d 742, 744 (9th Cir. 2002)). The Court will exercise its discretion by considering *Overpeck II* in this Order.

time, paying their wages, issuing their wage statements, and maintaining copies of their personnel and payroll records. Doc. No. 47 at 17. Therefore, if it is found that Defendant has separate duties as an employer and that Defendant breached those duties, then Plaintiff could pursue relief allowed by the Labor Code, if any, for those breaches. So long as the obtainable relief from Defendant is the full extent of relief that Plaintiffs may obtain from Defendant under the Code, then "complete relief can be accorded among the existing parties," even if it is relatively less than what Plaintiff could obtain from Exact and Spherion for their separate breaches of duty.[3]

The F&R, after ruling on Rule 19(a)(1)(A), did not address the issue of joinder under Rule 19(a)(1)(B). Joinder is "contingent . . . upon an initial requirement that the absent party *claim* a legally protected interest relating to the subject matter of the action." Roberts v. City of Fairbanks, 947 F.3d 1191, 1204 (9th Cir. 2020) (citing United States v. Bowen, 172 F.3d 682, 689 (9th Cir. 1999)) (emphasis in original). A party "cannot claim that the [absent nonparties] have a legally protected interest in the action unless the [absent parties] themselves claim that they have such an interest." In re Cnty. of Orange, 262 F.3d 1014, 1023 (9th Cir. 2001). Stated differently, "Rule 19(a)(1)(B) allows a forced joinder of an outside party only upon the impetus of that outside party." Brum v. Cty. of Merced, 2013 U.S. Dist. LEXIS 77026, *15 (E.D. Cal. May 31, 2013) (citing Bowen, 172 F.3d at 689); see also Ass'n to Protect Hammersley, Eld, & Totten Inlets v. Taylor Res., Inc., 299 F.3d 1007, 1015 (9th Cir. 2002) ("This portion of the Rule is wholly inapplicable because [the absent party] does not claim an interest that will be impaired by this litigation, and we see none");  Northrop Corp. v. McDonnell Douglas Corp., 705 F.2d 1030, 1043-44 (9th Cir. 1983) (noting that the nonparty in question "never asserted a formal interest in either the subject matter of this action or the action itself.").

---

[3] Defendant relies on two district court cases from the Ninth Circuit to support the proposition that "Courts have routinely held that a plaintiff's direct employer is a necessary party that must be joined under Rule 19 to afford complete relief to the plaintiff in wage and hour cases." Doc. No. 47 at 15. However, the Court is not persuaded that these cases would require joinder of Exact and Spherion. *Ramirez v. Manpower, Inc.* involved an *unopposed* motion for joinder by a defendant parent company seeking to join its subsidiary who was the direct employer of the plaintiff. Ramirez v. Manpower, Inc., 2014 U.S. Dist. LEXIS 4072, *9 (N.D. Cal. Jan. 10, 2014). The court in *Ramirez* applied a parent-subsidiary joinder analysis which is inapplicable to the present case. Id. at *10-*11. Furthermore, *Long v. Oland* involved a plaintiff suing persons in their individual capacities. Long v. Oland, 2011 U.S. Dist. LEXIS 164301, at *4 (C.D. Cal. Mar. 15, 2011). That is, unlike the situation here, the defendants in *Long* were persons who moved to join two business entities as their direct employers. Id. at *5-*6.

1    Here, the Court finds that Rule 19(a)(1)(B) does not apply because Exact and Spherion

2    have not "claimed an interest relating to the subject matter of the action." Exact and Spherion have

3    not expressly indicated their interest in this case, and the Court is not persuaded by Defendant's

4    contention that Exact and Spherion "would undoubtedly be prejudiced if a judgment is rendered in

5    this action in [their] absence, given that the complaint is [in reality] directed towards [their] own

6    [wage and hour] policies." Doc. No. 47 at 21. As mentioned above, Plaintiffs are seeking relief

7    from Defendant only for Defendant's alleged breaches of its duties, if any, as an employer. To the

8    extent this litigation may impact or implicate the indemnity obligations of Exact, Spherion, and

9    Defendant pursuant to their staffing services contracts, Exact and Spherion need not be joined

10   simply because they may be required to provide indemnity for Defendant's loss. Tinoco v. San

11   Diego Gas & Elec. Co., 327 F.R.D. 651, 658 (S.D. Cal. 2018); Busbice v. Reiss, 2014 U.S. Dist.

12   LEXIS 206267, *7 (C.D. Cal. Nov. 10, 2014); SASCO v. Byers, 2009 U.S. Dist. LEXIS 36886,

13   *7 (N.D. Cal. Apr. 14, 2009). There is also no evidence in the record indicating that this action is

14   looking to set aside the staffing services contracts. NRDC v. Kempthorne, 539 F. Supp. 2d 1155,

15   1185 (E.D. Cal. 2008) ("It is well-settled that in an action to set aside a contract, all parties to the

16   contract must be present.").  Additionally, this is not a case where injunctive relief cannot be

17   effectuated without joinder of Exact and Spherion because Plaintiffs withdrew, and the Court

18   previously dismissed, Plaintiff's request for all injunctive relief. Doc. No. 26 at 2 n.1. To the

19   extent Defendant is correct that conduct by Exact and Spherion is relevant to any claim or defense

20   of an existing party, Defendant has not explained why it is necessary that they be joined as

21   defendants, as opposed to their officers and/or employees being called as witnesses. See In re

22   Wells Fargo Mortg. Lending Discrimination Litig., 2009 U.S. Dist. LEXIS 72806, *11-13 (N.D.

23   Cal. Aug. 11, 2009). Accordingly, Rule 19(a)(1)(B) does not apply because Exact and Spherion

24   have not "claimed an interest relating to the subject matter of the action."

25   //

26   //

27   //

28   //

8

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1.  The findings and recommendation issued on March 10, 2022 is ADOPTED IN PART and DECLINED IN PART, as discussed above;

2.  Defendant's motion to join parties (Doc. No. 33) is DENIED; and

3.  This matter is referred back to the assigned Magistrate Judge for further proceedings.

IT IS SO ORDERED.

Dated:   June 16, 2022    _____

SENIOR  DISTRICT  JUDGE